# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:12-cr-112** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **NATHAN WASHBURN** | : | |

## **ORDER**

AND NOW, this 12th day of September, 2012, upon consideration of defendant Nathan Washburn's motion for a bill of particulars (Doc. 84), filed June 28, 2012, and it appearing that a motion for a bill of particulars should be granted if "the government's failure to allege factual or legal information in the indictment 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial,'" United States v. O'Driscoll, 203 F. Supp. 2d 334, 348 (M.D. Pa. 2002) (quoting United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989)), but that a motion for a bill of particulars should not be used as a discovery device 'to provide the defendant with the fruits of the government's investigation,' O'Driscoll, 203 F. Supp. 2d at 348 (quoting United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985)), and the court finding that the indictment (Doc. 1) in the above-captioned case is insufficiently particular in certain limited respects to alert the defendant of the charges against him and allow him to prepare an adequate defense, it is hereby ORDERED that:

1. The government is hereby ORDERED to provide counsel for Nathan Washburn the approximate date which it alleges Mr. Washburn joined the alleged conspiracy charged in Count 1.

2. The government is hereby ORDERED to provide counsel for Mr. Washburn the approximate date by which it alleges that Mr. Washburn began distributing controlled substances as alleged in Count 2.

3. Mr. Washburn's motion for a bill of particulars is DENIED in all other respects.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge